IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH E. MORRIS, #163 573, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-786-WHA-KFP |
| | ) [WO] |
| ALABAMA SUPREME COURT, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff, a state inmate, brings this petition for writ of mandamus challenging the process and procedure utilized by Defendant to issue a "no opinion" denial on his petition for writ certiorari from the appeal of his state court post-conviction petition. By his petition, Plaintiff requests this court direct Defendant—the Alabama Supreme Court—to issue a proper and appropriate ruling detailing the reasons for its decision to deny Plaintiff's certiorari petition. On October 19, 2020, the Magistrate Judge entered a Recommendation this case be dismissed for lack of jurisdiction. Also before the court is Plaintiff's objection to the Recommendation.

As explained in the Recommendation of the Magistrate Judge,

> federal courts have no authority to issue writs of mandamus to compel action by state officials or agencies in performance of their duties or functions. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (holding "[t]he federal courts have no general power to compel action by state officials" and when a plaintiff "expressly [seeks] relief in the nature of mandamus" a federal court lacks jurisdiction to grant such relief.) "The text of the mandamus statute . . . makes clear that a district court . . . lacks mandamus authority over . . . state officials." *McClure v. Jones*, 2016 WL 6595920, at *1, n. 1 (Nov. 7, 2016). . . . . Thus, a federal court has no authority by way of mandamus to address an action or omission of a state official. *In re Cook*, 589 F. App'x 44, 45 (3d Cir. 2014).

*See also Noble v. Cain*, 123 F. App'x. 151, 152 (5th Cir. 2005) (holding that mandamus relief is not available to federal courts to direct state officials in the performance of their duties and functions); *Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that district court properly construed motion to direct state court activities as petition for writ of mandamus).[1]

Upon an independent and *de novo* review of the record and Plaintiff's objection to the Magistrate Judge's Recommendation, the undersigned finds the assertions contained in Plaintiff's objection entitle him to no relief from the findings and conclusions in the Recommendation. In sum, applicable federal law does not entitle Plaintiff to mandamus relief in the form of an order directing a state court in the performance of its duties. Plaintiff's relief, if any, lies with the state appellate system which is the proper avenue by which Plaintiff can seek the relief he requests. Dismissal of this petition for writ mandamus for lack of jurisdiction is therefore appropriate.

Accordingly, Plaintiff's objection should be overruled and the Recommendation of the Magistrate Judge adopted.

An appropriate final judgment will be entered.

Done, this 4th day of December 2020.

　　　　　　　　　　　　　　　　 /s/   W. Harold Albritton　　　　　　
　　　　　　　　　　　　　　　　W. HAROLD ALBRITTON
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).